IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | Civil Action No. 8:15-cv-02011-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Zachary Burkett, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Plaintiff's motion for summary judgment. [Doc. 23.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.[*]

Plaintiff filed this action on May 14, 2015, alleging Defendant has failed to repay student loans. [Doc. 1.] On April 25, 2016, Plaintiff filed a motion for summary judgment. [Doc. 23.] Defendant's response to the motion for summary judgment was due by May 31, 2016. [Doc. 24.] Because Defendant failed to timely respond and out of an abundance of caution, the Court extended the response deadline and Ordered Defendant to respond by June 27, 2016. [Doc. 26.] However, Defendant has elected not to respond to the motion.

---

[*]Defendant is proceeding pro se.

## **BACKGROUND**

### First Seneca Bank, Oil City, PA Loans

On May 3, 1989 and February 12, 1990, Defendant signed two Promissory Notes in which he promised to pay First Seneca Bank, Oil City, PA ("First Seneca") all sums disbursed for two student loans given to Defendant, each for $2,500.00 [Doc. 23-2.] The loans were disbursed on August 17, 1989 through November 16, 1989 and July 23, 1990 through December 11, 1990, at a variable rate of interest to be established annually by the Department of Education. [Doc. 23-3.] The loan obligation was guaranteed by Pennsylvania Higher Education Assistance Agency ("Pennsylvania Higher Education") and reinsured by the Department of Education. [*Id.*]

Defendant defaulted on the obligation on April 2, 1996. [*Id.*] Pennsylvania Higher Education paid a claim in the amount of $5,467.94 to First Seneca and was then reimbursed for that claim by the Department of Education under the reinsurance agreement. [*Id.*] After being unable to collect the full amount due from Plaintiff, Pennsylvania Higher Education assigned its right and title to the loan to the Department of Education. [*Id.*] Since the assignment of the loan, the Department of Education has credited a total of $790.46 in payments from all sources, including Treasury Department offsets, if any, to the balance. [*Id.*] The total debt as of March 19, 2015 was $10,229.28, with interest accruing on the principal at the rate of $0.50 per day through June 30, 2015, and thereafter at such rate as the Department of Education established pursuant to section 427A of the Higher Education Act of 1965, as amended. [*Id.*]

2

**Pennsylvania State University Loan**

On March 5, 1990, Defendant signed a Promissory Note in which he promised to pay Pennsylvania State University all sums disbursed for a student loan given to Defendant for $500.00. [Doc. 23-4.] The loan had an interest rate of 5.00% per annum. [Doc. 23-5.] Pennsylvania State University made the loan under the federally funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended. [*Id.*]

Defendant defaulted on the obligation on March 2, 1996. [*Id.*] Pennsylvania State University assigned its right and title to the loan to the Department of Education. [*Id.*] Since the assignment of the loan, the Department of Education has credited a total of $22.70 in payments from all sources, including Treasury Department offsets, if any, to the balance. [*Id.*] The total debt as of March 19, 2015 was $953.22, with interest accruing on the principal at the rate of $0.07 per day. [*Id.*]

**Department of Education Loan**

On July 8, 1999, Defendant signed a Promissory Note in which he promised to pay the Department of Education all sums disbursed for a loan given to Defendant. [Doc. 23-6.] The loan was disbursed for $71,358.70 on August 23, 1999 through April 6, 2000 and for $38,230.34 on August 23, 1999 at 8.00% interest per annum. [Doc. 23-7.]

Defendant defaulted on the obligation on July 3, 2000. [*Id.*] The Department of Education has credited a total of $18,301.90 in payments from all sources, including Treasury Department offsets, if any, to the balance. [*Id.*] The total debt as of March 19, 2015 was $230,568.95, with interest accruing on the principal at the rate of $24.00 per day. [*Id.*]

**Present Action**

On May 14, 2015, Plaintiff filed this case, seeking judgment against Defendant on all defaulted loans plus statutory interest until the date of judgment and costs and attorneys' fees.  [Doc. 1.]

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must

4

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As stated, Defendant has failed to respond to the motion for summary judgment, despite being given an extension of time in which to file his response. In light of Defendant's failure to respond to the motion, it appears that he does not oppose the motion. Thus, Plaintiff's motion for summary judgment should be granted as unopposed.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Plaintiff's motion for summary judgment be GRANTED. Plaintiff shall submit its calculation of damages in the form an affidavit filed during the period for filing objections to this Report and Recommendation. Such affidavit shall include any calculations and supporting documentation related to attorneys' fees, costs, and post-judgment interest to the extent Plaintiff seeks these damages.

IT IS SO RECOMMENDED.

                                                    s/Jacquelyn D. Austin
                                                    United States Magistrate Judge

August 30, 2016
Greenville, South Carolina