#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Civil Action No. 8:15-cv-02011-JMC |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Order** |
| Zachery Burkett, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff ("United States of America") filed this action alleging that Defendant ("Zachary Burkett") has failed to repay student loans. (ECF No. 1.) On April 25, 2016, Plaintiff filed a Motion for Summary Judgment. (ECF No. 23.) After Defendant failed to timely respond, the court extended the response deadline to June 27, 2016. (*See* ECF No. 30.) Nonetheless, Defendant failed to timely respond to the Motion. (*See id.*)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin, for pre-trial handling. On August 30, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's motion for summary judgement be granted. (ECF No. 30.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter

with instructions. *See* 28 U.S.C. § 636 (b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Finding no clear error on the record, the court adopts the Report of the Magistrate Judge granting Plaintiff's Motion for Summary Judgment. Relying on Plaintiff's Affidavit in Support in of Plaintiff's Calculation of Damages (ECF No. 34), the court holds that Plaintiff is entitled to judgment in the amount of $255,117.53.

Additionally, the Higher Education Act of 1965, as amended, provides that a borrower who has defaulted on his or her student loan is required to pay "reasonable collection costs." *United States v. Milford*, C/A No. 2:15-cv-02009-RMG, ECF No. 63 at 1 (D.S.C. Sept. 19, 2016) (citing 20 U.S.C. § 1091a(b)(1)). Because the statute leaves "reasonable collection costs" undefined, the court defers to the Department of Education's interpretation of the term, if it is found to be reasonable. *Id.* (citing *Chevron U.S.A. Inc. v. Nat. Res. Defense Council, Inc.,* 467 U.S. 837, 842–43 (1984)). The Department of Education has interpreted "collection costs" to include attorneys' fees incurred in bringing an action to recover student loans. *Id.* (citing 34

C.F.R. § 682.410(b)(2)). Therefore, attorneys' fees are a component of "reasonable collection costs" under 20 U.S.C. § 1091a. *Milford*, C/A No. 2:15-cv-02009-RMG, ECF No. 63 at 1.

Here, having carefully considered Plaintiff's Affidavit of Attorneys' Fees, in light of the factors set forth in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir. 1978)[1], the court finds Plaintiff's request appropriate. (*See* ECF No. 34-1); *see also* Local Civil Rule 54.02(A) (D.S.C). Specifically, the court notes that Defendant has not filed any objections to Plaintiff's calculations. Additionally, the court finds that Plaintiff's hourly rate of $165.00 (*see* ECF No. 34-1 at 2, 5) is appropriate in this case. *Milford*, C/A No. 2:15-cv-02009-RMG, ECF No. 63 at 2–3 (finding a $165 hourly rate to be appropriate in a contested debt collection action in South Carolina federal court). However, the court has reviewed the time sheets and has observed an inconsistency between the hours charged on the time sheet and the hours asserted by Ms. Ryan in her affidavit. Specifically, the time sheet shows that Ms. Ryan charged 0.6 hours for her work on this case, while in her affidavit she claims that she spent 6.6 hours working on the case. (*See* ECF Nos. 34-1 at 5, 34-2 at 1.[2]) Given this inconsistency, the court will err on the side of caution and recalculate the attorneys' fees according to the timesheet. Consequently, the court awards

---

[1] *Barber* adopted the following factors: 1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. 577 F.2d at 226 n.28.

[2] The court observes that the timesheet shows that Ms. Ryan worked additional uncharged hours and finds it entirely plausible that Ms. Ryan worked the 6.6 hours asserted in her affidavit. Thus, the court invites Plaintiff to correct this inconsistency.

Plaintiff $874.50 in attorneys' fees. (*See* ECF Nos. 34-1, 34-2.)[3] Additionally, the court awards Plaintiff $141.26 in costs, and post-judgment interest. (ECF. No. 34 at 2.)

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion for Summary Judgment (ECF No. 23), **ADOPTS** the Report and Recommendation (ECF No. 30), and **AWARDS** Plaintiff a judgment in the amount of $255,117.53, $874.50 in attorneys' fees, $141.26 in costs, and post-judgment interest.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 7, 2016
Columbia, South Carolina

---

[3] Mr. Wilcox receives $775.50 in attorneys' fees (4.7 hours times the $165 hourly rate), while Ms. Ryan receives $99 in attorneys' fees (0.6 hours times the $165 hourly rate). Thus, the total amount of attorneys' fees is $874.50.